IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Joann Golembiewski,                    Case No. 3:11 CV 57

          Plaintiff,                  MEMORANDUM OPINION
                                                         AND ORDER
      -vs-
                                                         JUDGE JACK ZOUHARY
William G. Logie, et al.,

          Defendants.

## INTRODUCTION

This Court previously granted Defendants' Motion for Summary Judgment, dismissing Plaintiff Joann Golembiewski's First, Fifth and Fourteenth Amendment claims under 42 U.S.C. § 1983 (Doc. 33). Now pending before this Court is Defendants' Bill of Costs, which seeks costs for deposition transcripts totaling $2,367.20. Specifically, Defendants request: (1) $982.20 for the transcript and court reporter's attendance at Plaintiff's deposition; (2) $595 for the video recording of Plaintiff's deposition; and (3) $790 for the transcripts of Defendants' depositions (Doc. 38 at 1). Plaintiff objects to these costs, arguing the depositions were "investigative" and thus ineligible for recovery, the video-recording of Plaintiff's deposition was unnecessary, and Plaintiff is indigent and unable to pay the costs (Doc. 39 at 2).

## STANDARD

Prevailing parties in an action may recover certain allowable, reasonable, and necessary costs, pursuant to Federal Civil Rule 54(d). *In re Cardizem CD Antitrust Litig.*, 481 F.3d 355, 359 (6th Cir. 2007) (citing *Crawford Fitting Co. v. J.T. Gibbons Inc.*, 482 U.S. 437, 441 (1987)). The types of costs allowed are enumerated in 28 U.S.C. § 1920:

A judge or clerk of any court of the United States may tax as costs the following:

1. Fees of the clerk and marshal;

2. Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

3. Fees and disbursements for printing and witnesses;

4. Fees for exemplification and copies of papers necessarily obtained for use in the case;

5. Docket fees under Section 1923 of this title [28 U.S.C. § 1828];

6. Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under Section 1828 of this title [28 U.S.C. § 1828].

Under Federal Civil Rule 54(d)(1), "costs–other than attorney's fees–should be allowed to the prevailing party." The language of the Rule "creates a presumption in favor of awarding costs, but allows denial of costs at the discretion of the trial court." *White & White, Inc. v. Am. Hosp. Supply Corp.*, 786 F.2d 728, 730 (6th Cir. 1986). In the Sixth Circuit, the "prevailing party is *prima facie* entitled to costs unless the judgment recovered was insignificant in comparison to the amount actually sought." *Lewis v. Pennington*, 400 F.2d 806, 819 (6th Cir. 1968) (quoting *Lichter Found., Inc. v. Welch*, 269 F.2d 142, 146 (6th Cir. 1959)).

To be excused from the burden of paying costs, the unsuccessful party must "show circumstances sufficient to overcome the presumption favoring an award of costs." *White*, 786 F.2d at 732. "Such circumstances include: (1) where taxable expenditures are unnecessary or are unreasonably large; (2) where the prevailing party should be penalized for unnecessarily prolonging the trial or injecting unmeritorious issues; (3) where the prevailing party's recovery is so insignificant that the judgment amounts to a victory for the nonprevailing party; and (4) where the case is 'close

and difficult.'" *Hartford Fin. Servs. Group, Inc. v. Cleveland Pub. Library*, 2007 WL 963320, \*1–2 (N.D. Ohio 2007) (citing *White*, 786 F.2d at 730–31).

Where costs are permitted, the court "must exercise discretion in assessing costs, only allowing for materials 'necessarily obtained for use in the case' and in an amount that is reasonable." *Id*. at \*2 (citing *Berryman v. Hofbauer*, 161 F.R.D. 341, 344 (E.D. Mich. 1995)).

### DISCUSSION

**Fees for Deposition Expenses Under Section 1920**

Deposition expenses may be taxed as costs under Section 1920. *Sales v. Marshall*, 873 F.2d 115, 120 (6th Cir. 1989). Indeed, this Court recognizes that Subsections (2) and (4) "have been interpreted to authorize taxing as costs the expenses of taking, transcribing, and reproducing depositions." *Id*. In deciding whether to tax such costs, this Court must determine whether the costs of taking and transcribing the depositions were "reasonably necessary" for the litigation. *Id*. Necessity, in turn, "is determined as of the time of taking, and the fact that a deposition is not actually used at trial is not controlling." *Id.* Because the burden of overcoming the presumption favoring an award of costs is on the unsuccessful party, see *White*, 786 F.2d at 732, Plaintiff bears the burden of convincing this Court that the depositions sought to be taxed were not reasonably necessary at the time of their taking.

Plaintiff first contests the reasonableness of the amount claimed as deposition expenses, arguing the depositions were "investigative" and not intended for "presentation *in lieu* of actual personal appearance at trial" (Doc. 39 at 2). However, the depositions sought to be taxed were not "investigative." Notably, it was Plaintiff who noticed the depositions of Defendants Logie, Klep, and Rubin (Doc. 25). Defendants merely purchased the transcripts, which were used in their Motion for

3

Summary Judgment. In fact, both parties relied on the depositions in their summary judgment memoranda, as did the Court in its Opinion granting Defendants' Motion. Because the depositions seemed reasonably necessary at the time they were taken, and because the parties relied heavily on their contents, their taxation is appropriate.

Plaintiff next asks this Court to strike the video-recording expense of Plaintiff's deposition (Doc. 39 at 6). According to Plaintiff, Defendants should not be awarded costs for both a deposition transcript and a video transcript of Plaintiff's deposition. This Court agrees.

While taxing "both the cost of videotaping and transcribing a deposition" is permissible in the Sixth Circuit, see *BDT Prods. v. Lexmark Int'l, Inc.*, 405 F.3d 415, 420 (6th Cir. 2005), this Court questions the need for the video-recording in this particular case. Defendants did not use the video-recording in their Motion for Summary Judgment, and while it might have been used at trial for impeachment purposes, a written transcript would serve the same purpose. As Plaintiff correctly argues, there is no doubt she would be present throughout her own trial, and as a key witness, would have to respond to cross-examination by Defendants. Therefore, this Court will not permit the taxation of the video-recording.

**Plaintiff's Ability to Pay Under Federal Civil Rule 54(d)**

Although Plaintiff contests the reasonableness of the amount claimed as expenses in this case, her primary argument is that she lacks "the resources to pay the court costs assessment sought by Defendants" (Doc. 39 at 3). For that reason, Plaintiff urges this Court to use its discretion under Federal Civil Rule 54(d) to consider her capacity to pay any costs assessed, and to deny Defendants' costs based on her indigency.

4

Annexed to Plaintiff's objections is a declaration of indigency in support of her motion to proceed on appeal *in forma pauperis* under 28 U.S.C. § 1915(a). Section 1915, however, permits indigent parties to proceed without *prepayment* of fees -- it does not shelter them from costs. *Id.* In fact, the statute clearly provides for awarding "costs at the conclusion of the suit or action as in other proceedings . . . ." 28 U.S.C. § 1915(f)(1). For that reason, the Sixth Circuit has made it clear that a "plaintiff's indigency does not prevent the taxation of costs against [her]." *Sales v. Marshall*, 873 F.2d 115, 120 (6th Cir. 1989); *see also Singleton v. Smith*, 241 F.3d 534, 539 (6th Cir. 2001) ("[I]n forma pauperis status will not by itself provide an automatic basis for denying taxation of costs against an unsuccessful litigant."). However, when a party objects to costs claiming indigency, this Court must make "a determination of [her] capacity to pay the costs assessed." *Id.* (citing *In re Ruben*, 825 F.2d 977, 987 (6th Cir. 1987)). Accordingly, this Court will consider Plaintiff's indigency and her ability to pay in assessing Defendants' costs under Federal Civil Rule 54(d).

Plaintiff's financial affidavit indicates that she is single, unemployed, and has a gross monthly income of $1,743 (Doc. 39-1 at 3). Her monthly income is composed of public assistance ($474), disability payments ($269), and a monthly gift of $1,000 from her uncle as compensation for taking care of her elderly aunt (Doc. 39 at 6; Doc. 39-1 at 3). The affidavit also shows Plaintiff has $151.63 in the form of cash or bank accounts. (According to Plaintiff, Doc. 39-1 at 4, $98.54 of this amount is garnished and cannot be accessed). Moreover, Plaintiff has a home valued at $150,000, and owns three motor vehicles, which have a combined value of $8,000 (Doc. 39-1 at 4).

According to Plaintiff, she has two sons who rely on her for support. However, as the financial affidavit shows, both Plaintiff's sons are adults (Doc. 39-1 at 5). There are no allegations that Plaintiff's sons are incapable of obtaining employment or supporting themselves. Plaintiff also

5

lists total monthly expenses of $2,844 for housing, food, utilities, clothing, medical care, transportation, and insurance. These expenses exceed Plaintiff's monthly income of $1,743 by $1,101. Moreover, Plaintiff asserts her credit is "destroyed," she is unable to borrow funds to pay costs, and she cannot obtain employment because she has to tell potential employers that she was fired from her last job (39 at 6; 39-1 at 7).

Plaintiff has shown she is indigent and payment of the requested costs in their entirety would be a significant burden. However, this Court is not convinced that Plaintiff's financial circumstance warrants complete mitigation of her Rule 54(d) obligation to pay costs. Rather, a partial mitigation is appropriate. This conclusion is supported by the strong presumption favoring the awarding of costs, the Sixth Circuit's rule that *in forma pauperis* status does not provide an automatic basis for denying costs, and the fact Plaintiff is not completely destitute. Indeed, Plaintiff has some cash, albeit a limited amount, owns three vehicles, and has a home valued at $150,000. Moreover, as Plaintiff admits, she has family members willing to assist her with costs associated with this litigation (Doc. 40 at 1).

Therefore, this Court concludes the circumstances in this case entitle Defendants to partial costs for the depositions transcripts in this case, totaling $1,000 (an amount reflecting a discount of roughly 44% from the total deposition costs of $1,772.20).

**CONCLUSION**

For the foregoing reasons, Defendants' Bill of Costs is granted in part; Defendants shall recover the revised amount of **$1,000**. The parties are encouraged to work out a plan for the payment of these costs.

IT IS SO ORDERED.

                                         s/ *Jack Zouhary*
                                        JACK ZOUHARY
                                        U. S. DISTRICT JUDGE

April 4, 2012